IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GEORGE GOBER, et. al.<br><br>　　　　　Defendants. | CV 08-039-BLG-RFC-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

　　　This matter is pending on Plaintiff Gregory Wallace's Amended Complaint filed October 28, 2008.  (*Court's Doc. No. 12*).

　　　On September 16, 2008, the Court prescreened Wallace's original Complaint pursuant to 28 U.S.C. § 1915.  (*Court's Doc. No. 11*).  The Court determined that Wallace's initial complaint was incoherent, violated Rule 8 of the Federal Rules of Civil Procedure and was subject to dismissal for failure to state a claim upon which relief may be granted.  The Court advised Wallace of the requirements under Rule 8 and for pleading a complaint generally and provided Wallace an opportunity to file an amended complaint.  Wallace was required to use the Court's amended complaint form to present his claims.

　　　On October 28, 2008, Wallace filed his Amended Complaint.  He

disregarded the Court's Order that he use the form for filing an amended complaint. And again, this filing is incoherent. The Court cannot determine what claims Wallace wishes to present.

Pro se documents are construed liberally and pro se litigants afforded the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200 (2007) (per curiam); *Baker v. McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988). But in this case it is not possible to discern what Wallace is pleading. Even a liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim a plaintiff failed to plead. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Rule 8 of the Federal Rules of Civil Procedure requires a pleader to set forth their averments in a simple, concise, and direct manner. Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. See, McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).[1]

Wallace's Amended Complaint violates Rule 8(a) of the Federal Rules of

---

[1] Although *McNeil* discusses prisoner lawsuits and Wallace is not a prisoner, the concept is still applicable to a pro se non-prisoner litigant such as Mr. Wallace.

Civil Procedure. The Court must guess who is being sued and for what. If the pleadings were to be served in their present form, they would not give defendants fair notice of the claims against them and their best guess about the nature of Wallace's complaint may be different from the courts. *See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996)* (prolix, confusing complaints impose unfair burdens on litigants and judges and defendants are at risk that their outline of a case would differ from the court's, therefore, the court may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved).

The Court advised Wallace of the deficiencies in his initial complaint, allowed him an opportunity to amend his complaint, and provided him a form for so doing. Wallace failed to follow the Court's instructions.

Accordingly, the Court issues the following:

### **RECOMMENDATION**

1. This matter should be **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

    3. At all times during the pendency of this action, Wallace SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Wallace may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of February, 2009.

                                        /s/ *Carolyn S. Ostby*
                                        Carolyn S. Ostby
                                          United States Magistrate Judge